But per Curiam.
We see nothing in the statutes requiring a record in a technical sense. The judges of the Court of *282 Sessions, in licensing innholders, act merely as ministerial officers and not as a court of record, and their minutes are sufficient evidence.[1] The clerk’s testimony was not necessary, except to prove that the book contained their minutes, and what he said in addition would not prejudice the defendant. It is objected that it does not appear that the judges proceeded upon a certificate of the selectmen, &C.[1] It was not necessary that it should appear upon the record itself, and as in many other cases of limited jurisdiction, it is to be presumed, since the judges have granted the license, that they had proper evidence before them.*
Upon the motion in arrest of judgment it was objected, that the charge in the indictment, of suffering persons “ to play at cards and other unlawful games,” was too uncertain ; that the particular game should have been specified. Colborne v. Stockdale, 1 Str. 495; Rex v. Popplewell, ibid. 686; Rex v. Mason, 2 T. R. 581; Davy v. Baker, 4 Burr. 2471. But per Curiam, cards are considered as a game in the statute, and the words, “ other unlawful games,” may be rejected as sur-plusage.[2]
It was further objected, that the indictment ought to have alleged, not merely that the defendant was duly licensed, but that he acted as an innholder, and permitted gaming in the house occupied by him as an inn pursuant to the license. ' To this it was answered, that from the time when the license was granted all the duties of an innholder became obligatory on the defendant. But per Curiam. This objection is fatal. The whole averment in either count is, that the defendant was duly licensed as an innholder. Now this may be, and yet the defendant may have chosen, from change of circumstances or change of views, not to act under the license, and the mere fact of his having obtained a license does not necessarily prove or imply that he kept an inn. The(statute of 1786, c. 68, provides, in the 14th section, that a removal from the place *283 licensed shall supersede the license.[3] And there can be no doubt that if from any other cause the person licensed should choose not to avail himself of the license, he is at liberty to do so. It ought therefore to be directly alleged, in some form or oth'ter, that he was in the exercise of the employment of an innholder, to make him liable for the penalty sued for.[4] The indictment is bad in both counts, and the judgment must be arrested.

 1 Stark. Evid. (5th Amer. ed.) 256, 257.

 Revised Stat. c. 47, § 23.

 See Goff v. Fowler, post, 300.

 See Commonwealth v. Arnold, 4 Pick. 251.

 See Revised Stat. c. 47, § 17.

 See Commonwealth v. Arnold, 4 Pick. 251.